PER CURIAM:
Claimant brought this action for damage to his 2000 P ontiac Sunfire GT. The incident occurred on State Route 7 between Wileyville and New Martinsville, Wetzel County, when his vehicle struck a large hole in the road. This portion of road is maintained by the respondent in Wetzel County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on January 15, 2001, at approximately 5:15 a.m. The claimant testified that his former wife was driving his vehicle. She was on her way to work at a Morgantown hospital from their home in Paden City. Although the claimant was not with his wife when the incident occurred, he did come to the scene after the incident and observed the hole. Since the date of this incident, Mr. Bettem and his wife have divorced. She was unwilling to be present at the hearing of this matter. Therefore, Mr. Bettem was the only person present to testify at the hearing.
Claimant testified that he travels this portion of State Route 7 a few times each year. He stated that his former wife traveled this portion of road often on her way to and from work. He testified that prior to the incident on January 15, 2001, she had not traveled this route for three days. According to Mr. Bettem, he believed that the hole was there the last time his former wife had traveled this portion of State Route 7. He testified that his wife told him that she was traveling at approximately forty-five to fifty miles per hour. The speed limit at this location is fifty-five miles per hour. Mr. Bettem admitted on cross-examination that he could not verify this for certain since he was not there. However, he stated that he believes that she was not traveling over fifty miles per hour due to the nature of the road. He described the area of State Route 7 just prior to where the incident occurred as having a very sharp left turn and then a moderate right turn. Given the nature of the road and the fact that it was dark, he does not believe she would have been traveling any faster than the speed she related to him. The claimant’s vehicle suffered damage to the wheel and tire. Claimant submitted a repair estimate in the amount of $482.51.
Claimant contends that the respondent knew or should have known of such a *30 large hole on State Route 7and thatit should have taken adequate measures to repair this hole. Claimant introduced photographs which depict a large hole extending from the berm area and into the travel portion of State Route 7. One of the photographs also establishes that this hole was approximately seven inches deep from the top of the pavement to the bottom portion of the hole. Claimant asserts that the width and depth of this hole coupled with its location on State Route 7 is indicative of the fact that it has been present long enough that the respondent should have known of its existence and repaired it.
Respondent’s position is that it did not have notice of this hole and that it did not have time to make adequate repairs prior to the incident. Jack Mason, an employee of the respondent and a crew leader responsible for this portion of State Route 7 in Wetzel County, testified that State Route 7 is a high priority two-lane road. He is familiar with this portion of State Route 7 and frequently travels it. Mr. Mason testified that neither he nor his crew were aware of this hole until he was notified to testify at the hearing of this matter. He also testified, according to his records that six to eight days prior to the January 15, 2001 incident, he supervised a crew which patched holes in the road in the section of State Route 7 where this incident occurred. He stated that the hole at issue would have been within the section thatwas patched, but that he could not say whether or not the hole was there on January 15,2001. He testified, due to the fact that his crew had to use cold mix to patch State Route 7 and that tractor-trailers tend to “take it out”, that the hole could have developed between the time it was patched and the date of the incident. However, Mr. Mason admitted that he could not state for certain whether or not the hole which damaged the claimant’s vehicle was present or patched at the time he and his crew were working on State Route 7.
The law is well established in this State that the respondent is neither an insurer nor a guarantor of the safety of motorists on its roads or highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defects at issue and a reasonable amount of time to make adequate repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In this claim, the claimant established by a preponderance of the evidence that the respondent had at least constructive, if not actual, notice of this hole. The fact that claimant was not present when this incident occurred and that he testified as to statements that his former wife made to him regarding how this incident occurred as well as the nature, condition, and location of the hole falls under the hearsay exception, Rule 804(5) of the W est Virginia Rules of Evidence. This Rule states in part that a declarant of a statement is unavailable when the declarant is absent from the hearing and the proponent of the statement has been unable to procure the declarant’s attendance by process or other reasonable means. Therefore, she qualifies as unavailable and the testimony of Mr. Bettem regarding what his former wife told him qualifies as an exception to the hearsay rule and is admissible.
The Court is of the opinion that the size of the hole and the fact that it extended well into the travel portion of State Route 7 created a hazardous condition especially for drivers traveling this road in the dark. The size of the hole, its location, and the fact that the respondent had just patched this portion of the road leads the Court to conclude that the hole had been in existence for a long enough period of time that adequate repairs should have been made or at least provide a warning device for drivers. Thus, the Court finds negligence on the part of the respondent in this claim.
Accordingly, the Court makes an award to claimant in the amount of$482.51.
Award of $482.51.